My name is Scott Redding. I represent the appellant, Harris Farms, in the underlying appeal, and Harris Farms as well in the appeal of the attorney fee order. I'm going to primarily focus my argument on two key issues, which I believe are the most important issues. And the first is the statute of limitations. The second is the admission of the other act's evidence. First, on the statute of limitations, there were two parts to this lawsuit. There was the federal action brought by the EEOC, and then the second state law cause of action that was brought later on by Ms. Tamayo. Harris Farms contends that this district court erred in denying its motion to dismiss the state law claims in this case because the statute of limitations ran on those claims before the motion to intervene was brought. May I ask you a couple of questions on that? Yes, Your Honor. The first question is, is there anything in this record that shows that Tamayo had any knowledge of the filing of the lawsuit by the EEOC? There is not, Your Honor. Why doesn't that just end it? Well, it's Harris Farms' position that the actual filing of the EEOC lawsuit itself was constructive notice. It was sufficient under the statute to put her on notice. Well, even if it were constructive notice, which is an odd construct given our law that says you have to be clearly told of all this, but even if that's true, there's nothing in the lawsuit itself of which she would have constructive notice that says, and by the way, if you want to join my party, you better file within 90 days. Well, again, there's nothing within the statute or the regulation which actually requires her to be told that she only has 90 days. Well, our law sure says that, whether it's right or wrong. Well, arguably, there is a requirement that she receive notice of the filing of the lawsuit, which would be, in other words, she received notice that the conciliation failed. And it's Harris Farms' position that the notice of the conciliation failing was the filing of the lawsuit. Now, if Your Honors are concerned about the issue of notice, then the solution is to remand this matter back to the district court, because the problem that we have here is the district court did not really make a ruling on the issue. What it did is it punted on the issue and concluded, well, I don't know what the statute is in this case, and so I'm just going to conclude that it didn't run. Is this a question of law or a question of fact? It's a question of law with respect to what the standard is on the statute of limitation. And that's where the court erred, is it didn't come to a conclusion about what the statute was. And if the court – and so one of the things that Harris Farms is going to ask the court to do here today is to remand this matter back to the district court with instructions on what the law is. But if it's a matter of law, why can't we just decide it? Well, because then we have an issue of evidence. And because the district court didn't rule on what the law was, the parties weren't given the opportunity to develop discovery on the issue of notice. This is something that could have been dealt with through discovery, through the lawsuit, and later on – What evidence could have been adduced that would inform the issue of notice of the lawsuit? For example, Ms. Tamayo's deposition was taken, and it was taken very early on in the case. And I think the record will show that it was taken more than 90 days before she filed her lawsuit. That would be some evidence. She received a deposition notice. She likely had conversations with the EEOC. Those are issues that Harris Farms could develop through discovery. Assume that's true, that she knew that there was a lawsuit filed by the EEOC. Okay. How would that put her on notice that she – that the statute of limitations was running against her state law claim? Well, there's no requirement under the statute or the regulations that she be put on notice of what the statute of limitations is. She is – Our cases say it. That's what I keep coming back to. That may be correct. But our cases say that you've got to have a clear indication that you've got 90 days within which to file. Well, the cases I believe that you're referring to are probably Scholar and Ebert. And Massick. Correct. But if you read those cases, and those are discussed in the reply brief, those cases dealt with specific issues where the charge was dismissed as opposed to a failure of conciliation. And there's a specific regulation which is cited in the reply brief. It's 29 CFR section 1601.19, which specifically requires in those circumstances where a charge is dismissed that the agreed party must be put on notice of what the actual statute of limitations is and when it runs. There's a separate regulation that applies to failure of conciliation, which is also cited in the reply brief, which doesn't state that you have to put the party on notice of when the statute runs. It simply states that the agreed party must be notified that the conciliation failed. And that's something that can – of that, I think, is to be a definite notification to the parties. And the parties may have to know about the 90 days. But at least there was a starting time that was specifically noted to them. And that's not the case when you just file a suit. Well, and again, we don't know what the evidence is, is the problem, Your Honor, because the district court wouldn't make a decision on what the statute was and what the requirements may be. Well, I think it's very clear that no notice was actually sent. Well, if we're talking about a right-to-sue notice, then I think the record shows that that wasn't sent. But there's no requirement that an official right-to-sue notice be sent. Maybe she was just told. Maybe she was told in a letter. Maybe she was told some other way. Well, I think our case indicated it has to be delivered and signed for, doesn't it? Those are the cases that deal with when a charge is dismissed. And I acknowledge that the Scholar-Ebert and Ms. Farrellian cases do say that. But, again, those are cases where the charge was dismissed, where there's a specific regulation on point that requires that. There's no difference between them. I mean, in other words, what's the difference with respect to the purpose of the statute limitation? Well, the difference, number one, is the regulation that's in effect. And this is a regulation that was promulgated to deal with that particular portion of the statute. Does that regulation have a specific requirement of the notification that you have 90 days? It does not. Not the one that requires ñ not the one dealing with failure of conciliation. Does the one dealing with the dismissal? Yes, it does. The regulation says that you have to inform that you have 90 days to sue? It does, and that's cited in our reply brief, Your Honor. It specifically says that you have to notify the person that they have 90 days to bring a suit. The regulation dealing with failure of conciliation does not have that same requirement. In a parallel situation, in our Ninth Circuit, one of the reasons why we have a final judgment rule is to make sure people know when the statute for appeal starts running. That's true here, especially since we, I think our law indicates it, that it's to be liberally construed in favor of the person claiming. How is this person to know that the time for filing or joining is to be when a suit is filed? Well, Your Honor, again, people bring lawsuits every day, and they may not know what the statute was. They may have probably never been informed what the statute is. The statute says what it says. They should know when it starts running. Maybe it's up to them to find out what the statute is. The issue here, though, exactly, and the issue here is, is anybody required to give them actual notice of when the statute runs? No. That's the issue. It's to give them notice that the time has started to run. But not to give them notice you only have 90 days. It's to give them notice that this is the time the statute starts to run. And maybe it's up to you, just like it is in our general federal rules, it's up to you to find out what the time requirement is, but at least you know when it starts. And that's what we have here. We don't know when it starts. Correct, and that's the purpose that this case needs to be remanded to the district court so that issue can be developed through discovery. What is there to remand? It wasn't filed. What is to remand is the district court needs instruction on what the statute is because it clearly didn't understand it itself and didn't come to a conclusion of what the statute was. What should be remanded is that issue. It seems to me this is strictly a matter of law. You have to have notice sent, and it's clear from the facts notice was not sent, and therefore there was no notification to the person that whatever the time requirement was, that here is for the time it starts. And that's where I guess I disagree with Your Honor, is we don't know what she knows at this point or what she knew. Well, we know that there was no official notification that the conciliation had failed. We know that there was no right to sue letter. We know that there was no official notification that the conciliation had failed. Well, I don't know. Was there a letter in the record or anything indicating that the conciliation had failed? Other than the filing of the lawsuit itself. Right. And so you're asking us to imply from the filing of a lawsuit that that constitutes notice that the conciliation failed. So as a matter of law, you want us to say when a lawsuit is filed, that is the equivalent of notice that the conciliation has failed. That's an issue of law. Correct. That is one thing I'm asking. And the alternative, I'm asking that the matter be remanded to the district court with instructions on the law, with instructions for the district court to permit the parties to engage in discovery on the issue of notice. Because that was never done in this case. Discover. We know what the situation is. Notice was sent. The only thing we know, Your Honor, is that no right to sue notice was sent. We don't know what Ms. Tomeo was doing. That's really all we need to know, isn't it? No, it's not. It's our position. No, if Ms. Tomeo, for example, in a deposition admits, I knew when this lawsuit was filed. It doesn't make any difference. That's not what the statute says. That somebody may know, that's the requirement of not to find out what a person knows, but when the notice was sent. But there's no requirement in this statute that requires that a notice be sent telling the person of what the statute is. There's a requirement that notice that conciliation failed be sent. Correct. And that was not done. So remanding will not change that fact. Well, but the question is, what is notice? What is sufficient notice? That's the issue. That's a question of law. Why should we send that back to the district court? Because, again, it's our position that notice can be in any number of forms. It can be either. But that's what we're to decide is whether it can be or can't. Right. And if this court decides that it can be in a number of different forms, then the problem is we don't have sufficient evidence in the record. But suppose we decide the other way, that you've got to send a notice. Well, then we come back to our position that the filing of the lawsuit was sufficient notice. Well, that's a question of law. Correct. Okay. Okay. And I'd like to just quickly move on to the other act's evidence. And it's important to note with the admission of this Barrera testimony that this is the cornerstone of their case. They started this trial with the two witnesses, the two Barrera witnesses. Was there any objection preserved to the Barrera evidence? Yes, there were objections made that were cited in our brief, and there was also a motion to scrap it. If I didn't still have a concern after reading the brief, I probably wouldn't have asked the question. So my question is, was there any objection preserved regarding the Barrera evidence? I know that there was a motion to strike that was made a month after the evidence was introduced. Correct. And there was a motion in limine that was filed prior to trial, which would also preserve the objections. And the motion to strike, according to the Supreme Court, is sufficient. There's no time requirement in filing it. And that, as our position, was more than sufficient to preserve. But doesn't the objection have to be specific? What were the objections? What were the motion in limine specific objections made? What were the objections made in the motion to strike, and what are the objections that are made today? Are they all the same? Yes, they are all essentially the same. What's the basis for the? It was an improper admission of other acts evidence. So the other acts evidence objection was made in the motion in limine? Yes. Okay. Where's that in the record?  ER 139. Okay. And in the motion to strike, where was the other acts evidence referenced? And I'm sorry, also ER 212 for the motions in limine. Okay. No 403 or 404 objections at that point, right? Well, 403 and 404 may not have been specifically referenced, but in effect, that's what the objections were in the motions in limine. No, it's not. Yeah, but see, what we're asking you is a very specific question, and it's not what's in effect. And, Your Honor? Let's make this simple. Okay. Was 402 and or 403 cited at any of those pages that you've just given us? I don't believe so, Your Honor. Okay. And the Barrera motion to strike was? I'm going to reserve that or provide that to you on rebuttal. But the point is, assuming we get over the objection hurdles with the Barrera evidence, I want to focus on just quickly the prejudicial effect of it. It was the keystone of their case. If you look at the record, go through the witnesses, there were 23 witnesses called in this trial. Thirteen of them were questioned about this Barrera incident. And if you, again, scour the entire record, this trial was infused with this testimony. So to the extent that the court erred in actually admitting this testimony, then it's Harris Farm's position that it was prejudicial. And I'd like to reserve the balance of my time. Sure. May it please the Court, my name is Barbara Sloan. I'm here with the EEOC, and I'm splitting my time with Mr. Pearl, who's going to discuss the attorney's fees issue with the last five minutes. Mr. Smith is here also. He's the intervener's counsel. If the Court has any questions about FEHA reliance, he'd be happy to answer them. Okay. I think your position lines up with Tamayo's on the statute of limitations issue, but it is kind of an odd situation. Well, Your Honor. The EEOC just plainly, I suppose, messed up. Well, we don't think so, Your Honor. In fact, under Occidental Life versus EEOC, the Supreme Court said that conciliation, the provision about the notice on conciliation, those provisions are really designed to let the individual exit the system if they want to. So they can find out that there was conciliation, that conciliation wasn't reached. Doesn't the EEOC have an obligation to inform claimants or complainants whether or not conciliation has failed? Well, Your Honor, no, we don't think so. Because the charging party, I mean, we don't want people to file suit 90 days after conciliation fails. We're not ready for that. What if they want to file? That's the key. They can, Your Honor. At that point, if they need to. If they get notice that their conciliation is filed, sure, then they can. But if they don't get notice, they can't. But, Your Honor, if they want to exit the system, they can ask for a right to sue. The Supreme Court in Occidental Life said, yes, if you want a notice of right to sue, you can get one if a conciliation agreement hasn't been reached in 180 days. If it has and you don't want to file suit, you don't have to. Why would the EEOC have any trepidation about keeping the complainants informed about the conciliation process? I think it's counterintuitive to me. The regs, I mean, 160125 actually requires notification in writing of a failure of conciliation. So, I mean, I don't, I guess I just don't. Your Honor, I think we, it's not in the record, Your Honor, but I believe we do issue that notice of conciliation failure, but it doesn't trigger the statute. What, there's, as defendant admits, there is no statute of limitations on the, on, I lost my thread. There's no statute of limitations. On intervention. Exactly. EEOC can, I mean, an individual can intervene at any point, assuming they satisfy the requirements of the intervention statute. Of course, that's all well and good, but the individual can't intervene timely and bring up stale claims. But, Your Honor, there is no statute of limitations for intervention. On any underlying claim? On intervening. On intervention, but. She didn't just intervene in the EEOC's lawsuit. She brought her own individual claims under the California Fair Housing Act, as I recall. That's correct, Your Honor. Well, how can you do that? Could she bring one that occurred 15 years ago? Well, Your Honor, then there would be a laches issue, and it would be the same for the state and the federal claim. There's, as defendant admits, there's no statute of limitations on the federal claim. There's only a statute of limitations on the state law. And the whole point of the tolling provision in the FEHA is to enable the individual or to permit an individual to bring state and federal claims at the same time. So the purpose of giving notice and the right to sue letter is so that these claims are resolved expeditiously. So if a person has knowledge that the conciliation has failed, I'm not sure that we would agree with you that that person can just sit on his or her rights and wait, because the EEOC doesn't have a statute of limitations, and wait 15, 20 years and bring a state law claim if the EEOC brings an action. Well, there would be no staleness problem, Your Honor, because EEOC is in court. And so the claim is being preserved by the EEOC. State law claims are not. But it's the same. And if they're the same substantively, they're the same. So there's no difference. The state law issues are preserved with the EEOC. In this case they may be, but that may not be true for all cases. So when we're making law, we're making law not just for this case, but for all cases. Well, as the district court here recognized, the intervention statute or rule, I think it's rule 24, makes it, it provides a three-part test. And you look at the time in the proceedings that the suit has, I mean, the claim is brought. You look at prejudice to the defendant, and you look for the reason and length of time. That's intervening in the EEOC case. That does not address the state law claims. But I guess I could call the court's attention, first of all, of course, if they wait 10 years, there's a laches problem, a huge laches problem. Well, but laches isn't as good an affirmative defense as the statute of limitations is. But there's nothing in the statute, Your Honor, to support this interpretation, because if the failure of conciliation letter goes out two years before the ‑‑ Is that your real point, what you were saying earlier, which kind of shocked me, that the EEOC doesn't have to give notice because we really don't want the claimant filing. Well, I guess that's two parts, Your Honor. The Supreme Court said that those, the notice of conciliation letter is designed to, under Occidental Life, the point is to give the individuals a time that they can exit the system if they want to, not that they have to. The failure of conciliation letter, Your Honor, could go out two years before EEOC files suit. We don't want the statute of limitations to start running on a state law claim, and it would be contrary to the ‑‑ Why not? You're not filing a state law claim, are you? Well, it's the same suit. It undermines the whole purpose of the FEHA tolling provision, which is to allow the individual to bring state and federal claims at the same time. That's not the EEOC's call. If the claimant wants to bring a state action sooner than the EEOC wants to bring a federal action, that's the claimant's right. Absolutely, Your Honor. So if you're trying to hold the claimant hostage by not giving notice that the conciliation has failed, that doesn't serve the purpose of the statutory scheme. No, the individual can get a right to sue letter any time he or she wants after that. They don't have to get a right to sue letter. If they want to get notice that the conciliation ‑‑ they may be waiting to get a right to sue letter to see whether or not the conciliation efforts are going to be fruitful. And so if they never get that notification that that's required under the regulations, then they're not operating with full disclosure from the agency that's charged with implementing the statute. Your Honor, I think we do issue a notice of failure of conciliation. It's failure of conciliation, not 180 days. Without a ‑‑ the statute itself, we issue a failure of conciliation letter. It is our view. That does not reflect that. That's true, because it wasn't an issue. But my understanding is that routinely we do issue one. It doesn't say, and now you must file your state law claims within 90 days. It just says conciliation has failed. And that's what's required. I can't understand your point of view that you can delay that forever or not give it. Well, we do issue a failure of conciliation letter. Well, Your Honor, I believe we did. When? When conciliation failed, which was way more than 90 days before EEOC filed it. Well, maybe we should remand this. As opposing counsel said, if you think that there was a letter given and it's not in the record, then maybe we should remand that, because that puts an entirely different light on this case. I don't think so, Your Honor, because it shouldn't matter. There's no statute of ‑‑ that didn't trigger the running of the statute of limitations. Maybe it did and maybe it didn't. There's nothing in the statute that would suggest it did, because the state law claim expires when the federal right to sue to bring it to commence a civil action expires. And that did not expire. Well, that's your opinion, but that may not be our opinion. Ms. Sloan, it would be very helpful to me if you could just lay out your scenario without any of us interrupting you. Because I would just like to get what you think the scheme is. What we think the scheme is? Yes. We think that if an individual wants to bring his or her own action, the first time that they can do so is after 180 days after filing a charge. After what? After they filed their charge. The statute's very clear. If they want a notice of right to sue, any time after 180 days they can get one. If they don't get one, then the limitations doesn't start to run. And as the defendant admits, there's no limitations, period, on the federal right to intervene. The state law, right to file a state claim, expires when the federal right to sue period expires. It hasn't expired. So the limitations period hasn't started to run yet. Well, of course, Latches intervenes there, and the district court would say under the intervention statute, if there's unreasonable delay, then maybe the individual can't bring her state or federal claims at that point. But if the court looks at EEOC v. Farmers Brothers, which is cited in the plaintiff's brief, there's a claim there where EEOC filed suit in February. The individual intervened in June, which was beyond 90 days. And then a year and three months later, they filed a state law claim. Can I ask a question now? Is that interrupting? So let me ask you this. In the scenario we have here, where no right to sue letter was issued, was there a right to sue letter issued in this case? No, never issued. And for no notice of failure of conciliation, if there is no failure, no notice of failure of conciliation issued, it's your view that the statute of limitation never begins to run on state law claims that are brought in as an intervener in an EEOC case. Is that your argument? State or federal claims, yes, because the federal right to sue period has not expired. Now, in what case, what's the strongest case authority you have to support that argument? Well, I think the EEOC v. Farmers Brothers, which we just cited, where the court said the state law claims, which were filed 15 months after the federal claims were brought, the intervention claims, relate back to the federal claims, which were filed outside 90 days after EEOC filed suit. I think that presupposes that there is a statute of limitations, because in order to have relation back, there is a statute of limitations that you're trying to meet. Well, that's an interesting point, Your Honor. The district, what the defendant said was that the state law claims were untimely. This court said, no, they're not untimely. They relate back to the, as I said, they were brought in almost two years after EEOC filed suit. And the district court said they relate back to the federal claims, which were filed beyond 90 days. But that's not consistent with your argument that the statute doesn't begin to run, because in order for them to have to relate back, there has to be a statute of limitations problem. Well, that's an interesting, well, the district court, I mean, the defendant argued that they were untimely, and the district court said, no, they're not untimely. Also, the Scholar case, which said you have to have actual notice of right to sue, that your time has started running, and it hasn't here. The plaintiff should not have to infer that. And the Downs case, which said the federal, I mean, the time that toll, the time is tolled until a federal right to sue letter is issued. And none was issued here. I'd kind of like to say a couple of things about the federal, about the other act's evidence, if the court has, if I can. I agree with the defendant that the Barrera testimony may in fact have been a cornerstone, because credibility was a key issue here. The defendant's position was that Ms. Tamayo was lying about the whole thing. And so we asked a lot of, a number of witnesses, did you know about the Barrera incident, and they said no. But she knew about it. And the only way she knew about it was because Mr. Rodriguez told her about it. And so it was perfectly appropriate evidence for credibility issues. It was also that it was waived, Your Honor, that with respect to Maria Martinez, the defendant said it can come in, in the motion to eliminate. And with respect to the Barrera, they said they have to have real proof. They have to have someone come in and say the offenses occurred. People were there, because otherwise it's just talk. It's nothing else. And the court said fine, I think they're going to bring in the witnesses. And the Harris Farm said that's fine if they call those witnesses fine. So I think it's very clearly waived, both of their challenges. And anyway, it was appropriate evidence under the circumstances in this case. I'd be happy to answer any more questions about the FEHA. We really feel strongly that the court should not rule that the FEHA claims expire 90 days after a failure of conciliation letter goes out, because that would be long before EEOC is ready to sue, and it would destroy the purpose of the FEHA tolling provision, which is to enable the individual to bring state and federal claims in a single suit. They would have to file 90 days long before EEOC has sued. May I just put the same thing sort of upside down and just see if I've got it right? From your perspective. Your perspective is that it all hinges on the right to sue letter, which is a different animal from the notice of failure to conciliate. Right. And so whatever limitations period there is, it starts to run triggered to the right to sue, not otherwise. That's right. Have I got that right from your perspective? Yes, and I believe that's consistent with this court's case law. I think it's consistent with the purpose of the FEHA, it's consistent with the language of the FEHA, and it's consistent with this court's case law, and so we urge the court to affirm. We think there's plenty of evidence to support the judgment, the legal rulings were correct, so the court should affirm. Okay. Thank you, Ms. Long. Good morning, Your Honors. Richard Pearl for the plaintiff on the attorney of the plaintiff's attorney's fee appeal, and I'd like to reserve one minute for rebuttal on that if I can. I just want to address the main issue which we feel is a very important issue and which is really a pure legal issue presented squarely by the district courts today. And that is whether the hourly rates in civil rights cases are based on the market for similarly complex cases generally or a more narrow sub-market of civil rights sexual harassment cases. And as we've set out in our briefs, we think the legislative history of the Civil Rights Act as incorporated and cited specifically in Blum v. Stenson as ruled upon by this circuit in at least three cases, Davis v. City and County of San Francisco, the CMAR case, S-E-M-A-R, and the Furlan case all agree that the standard for civil rights attorneys should be the broader market of attorneys who litigate comparable cases generally rather than the more narrow civil rights market or consumer attorney market or whatever the particular statute involved might be. And we would note that at least four other circuits agree with that position, the 3rd, the 7th, the 11th, and the D.C. Part of the problem here, I mean, I understand the district court indicated that point, but it also, its decision depended a lot on its view that there just simply wasn't any substantial support for the complexity of the other litigation upon which counsel relied for the fee. So here, I mean, even if you're correct, the question remains as a factual matter whether the district court abused its from trial counsel or from Jones? Mr. Jones. Mr. Jones. Well, I have two responses to that, Your Honor. First, I believe the declarations as we've set out in our briefs, especially the declaration of Mr. Jones, was sufficient under the Mendenhall case. It was certainly as specific about what kind of rates are charged for what kind of work as the declarations that this court found sufficient in Mendenhall. And in Mr. Smith's case, his declaration was very specific about his prior awards, in particular the Teague case in the City of Bakersfield, Teague v. PG&E from Bakersfield. The evidence showed that that was exactly the same kind of case. It was a sexual harassment case under the Fair Employment and Housing Act, what the rates were, what the evidence was in that kind of case. Secondly, even if the evidence, putting aside the validity of the evidence under the Mendenhall test, which I think it met, if the district court correctly disregarded that evidence, and we don't believe he did, but even then, he based his decision on his own experience. And we have to presume from the other rulings in his case that his own experience that he relied on was his own experience with Mendenhall, and that's simply the wrong market. And we have great respect for what the district court did with his fee motion. It was very thorough, but we just have a fundamental disagreement with that standard. And it did apply, the court did apply that standard, and I believe the authority from the Supreme Court, from this circuit, and like I said, at least four other circuits, all say that that was the wrong standard. So even if the evidence, as I said, even if the evidence was insufficient, the district court, the Supreme Court, the district court, in relying on its own experience, limited the market improperly, applied a wrong legal standard. And therefore, the matter should be remanded to apply the correct legal standard, which is similarly complex cases generally. And I don't like to reserve any time I might have. I don't know if I have any. You're in a deficit position. First, I'd like to refer the court to a portion of the record dealing with the 403 and 404 evidence. ER 3268, and I'll just read into the record where the court indicates in the transcript. So with respect to the motion to strike on the 404 and 403 grounds, and essentially relevancy, I'm going to deny the motion and just reiterate that my ruling on the motion in limine remain intact and the time frame to when this allegedly occurred in 1980 does not affect the reasons for which I indicated that I would allow the testimony. So there is a reference in the record that it was a 404 and 403 objection. It's cited by the court, and it's located at ER 3268 in the record. And moving back to the statute of limitation issue, counsel acknowledged that it runs from when the federal right to sue period expires. The statute says that period expires 90 days after a failure of conciliation notice goes to court. And the statute says that it runs from 90 days after a failure of conciliation notice goes out. According to counsel's representations up here, that notice did go out, probably went out way before the lawsuit was actually filed, which means the lawsuit likely, or the statute likely, did run before EEOC even filed its lawsuit. If I understand what the position is, it's that the notice of conciliation is not the operative document for purposes of the statute of limitations. The operative document is the notice of right to sue. Well, I don't know where that is in the statute, Your Honor, and it wasn't referenced by counsel, and that's not my reading of the statute. That's not what the statute says. The statute specifically refers to the federal right to sue period. That's when the statute expires. And I think that counsel's position is that it runs from the right to sue letter. Well, that's not what the statute says, though. And the statute being? Section 12965D2. 12956? I'm sorry, California Government Code 12965D. Yeah, but then that refers back to the federal statute, right? You're talking about when the cause of action for the state claims? Correct. Right, and that refers... That's what the statute says. The statute also says that that period runs 90 days after the failure of conciliation goes out, or notice of failure of conciliation. What statute says that? That's 12... It's the same statute. It's the 42 U.S.C. 42 U.S.C. Section 2000E5F1. Specifically states that it goes on as this, shall so notify the person aggrieved, and within 90 days after the giving of such notice, a civil action may be brought against the respondent named in the charge. Now, it doesn't say anything about a right to sue letter. If you read the statutes in whole, including the regulations that I cited earlier, the only reasonable interpretation of all that is that it runs 90 days after the failure of conciliation goes out. That's the only statute that would make sense. The statute lists three different categories of issues that trigger. There's the charge being dismissed, and there's the failure of conciliation. When that notice goes out, that has to be the notice that triggers the state statute. There's no other reasonable interpretation. And just real quickly on the attorney's fees issues, the court did cite the Blum case. It properly applied the case, and I think Your Honors are correct. The problem here is the evidence. There's just simply no evidence under any standard to make a finding that they were entitled to the hourly rate that they were requesting. Thank you, counsel. Thank you. The matter just argued will be submitted, and the court will stand in recess for the day.
judges: Hug, Rymer, Rawlinson